On Return to Remand.
On November 30, 2001, we remanded this cause for the circuit court to order the Alabama Board of Pardons and Paroles ("the Board") to respond to Strong's allegation in his petition for certiorari review that the Board had relied on false information in his file when it denied him parole. After receiving the Board's response, the circuit court was then to determine the *Page 1205 
merits of Strong's claim, to enter its findings, and to make due return to this Court.
On remand, the circuit court ordered the Board to respond to Strong's allegation. The record does not include a copy of that response. According to the circuit court, the Board took the position "that no prisoner is entitled to parole and the Board is not required to disclose any documents presented or relied on at its hearing."[1] Because Strong's allegation remained unrefuted, the circuit court accepted it as true and, in its order on remand, stated, in part:
 "[T]he Alabama Board of Pardons and Parole[s] is directed to conduct another parole hearing for John David Strong within forty-five days of this Order and report back to this Court the outcome of that parole hearing."
(Order, pp. 2-3.)
In response to the circuit court's order, the Board appealed and filed in this Court a motion to alter, amend or vacate, asking this Court, inter alia, to order the circuit court to supplement the record with relevant documents and to stay the parole hearing that had been ordered by the circuit court. This Court granted those two requests.
The Board takes issue with the fact that the trial court, understandably frustrated with the Board's refusal to answer Strong's allegation, ordered the Board to hold a new parole hearing for Strong. The Board maintains that the circuit court overstepped its bounds by so ordering.
To the contrary, our instructions on remand were broad enough to encompass the trial court's actions. The Board was ordered to respond to Strong's allegation; it has refused to do so. The trial court, therefore, had no choice but to decide the merits of Strong's claim in his favor. The only remaining solution was to order the Board to conduct another parole hearing. Therefore, we affirm the order of the trial court. The Board is to follow the instructions of the trial court in its order.
AFFIRMED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., dissents, without opinion.
[1] We note that, after the circuit court released its order on remand, the Board filed a motion to alter, amend, or vacate the trial court's order in which it again expressed the view that it had no obligation to respond to Strong's allegation.
If the Board relied on false information in Strong's file to decide that he was ineligible for parole, such reliance renders the Board's decision capricious and, as we explained in the original opinion in this case unconstitutional.
 *Page 226